UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

KAREEM BROWN,
    a/k/a "Reem"
    a/k/a "Peter Parker"
    a/k/a "Wolverine"
    a/k/a "Johnny Storm"

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECFIC
PROPERTY/
MONEY JUDGMENT

24 Cr. 215 (VEC)

WHEREAS, on or about 4.9, 2024, KAREEM BROWN (the "Defendant"), was charged in a two-count Information, 24 Cr. 215 (the "Information"), with conspiracy to commit possession of a stolen postal key, theft of mail, and possession of stolen mail, in violation of Title 18, United States Code, Section 371 (Count One); and distribution of narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States

Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Information, and any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about November 26, 2023, the Government seized from the Defendant at the time of his arrest, the following specific property:

    a. Seventy checks for varying amounts made payable to a variety of entities and individuals;

    b. Eighty-seven blank United States Postal Service money orders;

(a. and b., together, the "Seized Checks");

    c. One black Hy Score 22-caliber revolver and one unknown caliber round of ammunition; and

    b. One black Smith & Wesson 380-caliber handgun and seven unknown .380 caliber rounds of ammunition;

(c., and d., together, the "Firearms;" collectively with the Seized Checks, the "Specific Property");

WHEREAS, on or about April 9, 2024, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency, representing

proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $100,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with any co-conspirators for the conduct charged in Count One of the Information (the "Co-Conspirators"), to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, of which: (i) the Seized Checks constitute proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained; and (ii) the Firearms constitute property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of the offense charged in Count Two of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Benjamin M. Burkett, of counsel, and the Defendant and his counsel, David Wikstrom Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $100,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with any other Co-Conspirators for the conduct charged in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators, shall be entered against the Defendant.

2. As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant KAREEM BROWN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     April 4, 2024
    BENJAMIN M. BURKETT                              DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, New York 10278
    (212) 637-2455


KAREEM BROWN

By: _____     _____
    KAREEM BROWN                                        DATE

By: _____     04/09/2023
    DAVID WIKSTROM, ESQ.                            DATE
    Attorney for Defendant
    250 W 55th Street, 17th Floor
    New York, New York 10019


SO ORDERED:

_____     4.9.24
HONORABLE VALERIE E. CAPRONI            DATE
UNITED STATES DISTRICT JUDGE